UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

---

**BENJERMAN DEVINE a/k/a/
MICHAEL HOWZE, #243742,**

    **Plaintiff,**

v.                                                Case No. 2:08-CV-11579
                                                       Honorable Victoria A. Roberts
                                                       Magistrate Judge Virginia M. Morgan

**PATRICIA CARUSO, et. al.,**

    **Defendants.**

_____/

## OPINION AND ORDER SUMMARILY
## DISMISSING CIVIL RIGHTS COMPLAINT

I. Introduction

    This is a prisoner civil rights case under 42 U.S.C. §1983. Plaintiff is presently incarcerated at Marquette Branch Prison in Marquette, Michigan. Plaintiff is proceeding without prepayment of the filing fee in this action under 28 U.S.C. §1915(a)(1). *McGore v. Wrigglesworth,* 114 F. 3d 601, 604 (6th Cir. 1997). For the reasons that follow, the complaint will be dismissed with prejudice for failure to state a claim upon which relief can be granted.

II. Standard of Review

    28 U.S.C. § 1915(e)(2)(B) states:

Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that:

(B) the action or appeal:
(i) is frivolous or malicious;
(ii) fails to state a claim on which relief may be granted; or
(iii) seeks monetary relief against a defendant who is immune from such relief.
Under The Prison Litigation Reform Act of 1995 (PLRA), district courts are required to

screen all civil cases brought by prisoners. See *McGore v. Wrigglesworth,* 114 F.3d at 608. If a complaint fails to pass muster under 28 U.S.C. §1915(e)(2)(A) or §1915A, the "district court should *sua sponte* dismiss the complaint." *Id.* at 612. Pursuant to 28 U.S.C. §1915(e)(2)(B) and §1915(e)(2)(A), a district court must *sua sponte* dismiss an *in forma pauperis* complaint before service on the defendant if satisfied that the action is frivolous or malicious, and that it fails to state a claim upon which relief may be granted, or that it seeks monetary relief from a defendant or defendants who are immune from such relief. *McLittle v. O'Brien,* 974 F.Supp. 635, 636 (E.D. Mich. 1997).

To successfully establish a *prima facie* case under §1983, a civil rights plaintiff must prove that the defendants acted under color of law and deprived the plaintiff of rights secured by federal law. *Block v. Ribar,* 156 F.3d 673, 677 (6th Cir. 1998), citing *Parratt v. Taylor,* 451 U.S. 527, 535 (1981). When, as here, a prisoner has been granted leave to proceed without prepayment of the filing fee for an action, his or her civil rights complaint against a government entity, officer, or employee may be dismissed in whole or in part if it: (1) is frivolous, malicious, or fails to state a claim for which relief may be granted, or (2) seeks monetary relief from a defendant who is immune from such relief. *Smith v. Campbell,* 250 F.3d 1032, 1036 (6th Cir. 2001), citing 28 U.S.C. §§1915(e)(2) and 1915A.

A complaint is frivolous if it lacks an arguable basis in law or in fact. *Nietzke v. Williams,* 490 U.S. 319, 325 (1989). A complaint fails to state a claim upon which relief could be granted when under any set of facts that could be proved consistent with the allegations of the complaint, there would remain no entitlement to relief. *Jones v. City of Carlisle,* 3 F.3d 945, 947 (6th Cir. 1993). To state a claim under 42 U.S.C. §1983, a plaintiff must allege the violation of a right

secured by the federal Constitution or laws and must show that the deprivation was committed by that person acting under color of state law. *West v. Atkins,* 487 U.S. 42, 48 (1988); *Street v. Corr. Corp. Am.,* 102 F.3d 810, 814 (6th Cir. 1996). Because §1983 is a method for vindicating federal rights, not a source of substantive rights itself, the first step in an action under §1983 is to identify the specific constitutional right allegedly infringed. *Albright v. Oliver,* 510 U.S. 266, 271 (1994).

III. Discussion

Plaintiff names a total of twenty-four defendants which include law enforcement officials, corrections officers and other personnel, wardens, Patricia Caruso (Director of the Michigan Department of Corrections), Deputy Director Dennis Straub, Governor Jennifer Granholm and Attorney General Mike Cox. Plaintiff's entire complaint states as follows:

> The Michigan Department of Corrections has intentionally, willfully, corruptly, fraudulently, discriminated against me based on religious beliefs, race, retaliation and without substantive due process or minimum due process of law, where it threa[tens] my life, property, [and] liberty interest[s]. Staff corruption [exists] at [the] MDOC and its state agencies who aid them in falsifying official government documents, prison transfers, and illegal placements, even refusing to allow prisoners grievances. The prison wardens, ADW's, ARUS, RUMS, CO's et. al. have not been properly trained and supervised or the state's executives who supervise these staff members [don't] who have a customary policy of violating prisoners' federal civil rights and the class action settlement.

Pl. Comp. at 3.

In the context of a civil rights claim, conclusory allegations of unconstitutional conduct without specific factual allegations fail to state a claim under §1983; some factual basis for such claims must be set forth in the pleadings. *Lillard v. Shelby County Board of Education,* 76 F.3d 716, 726 (6th Cir. 1996); see also *Johnson v. Freeburn,* 29 F.Supp.2d 764, 767 (E.D. Mich. 1998) (conclusory unsupported allegations of a constitutional deprivation do not state a §1983 claim). Because a review of Plaintiff's entire complaint set forth above indicates that the allegations are

3

conclusory and unsupported, the complaint is subject to dismissal. See e.g. *Payne v. Secretary of Treas.,* 73 Fed. Appx. 836, 837 (6th Cir. 2003) (affirming *sua sponte* dismissal of complaint pursuant to Fed. R. Civ. P. 8(a)(2); ("Neither this court nor the district court is required to create Payne's claim for her."); see also *Terrance v. Northville Reg'l Psychiatric Hosp.*, 286 F.3d 834, 842 (6th Cir. 2002)(stating that "damage claims against governmental officials alleged to arise from violations of constitutional rights cannot be founded upon conclusory, vague or general allegations, but must instead, allege facts that show the existence of the asserted constitutional rights violation recited in the complaint and what *each* defendant did to violate the asserted right.") (emphasis in the original). The Court cannot begin to speculate about each of the named defendants' roles in the alleged violations of law in this case. Plaintiff fails to demonstrate what each of these defendants did which resulted in corrupt, retaliatory, fraudulent and discriminatory behavior. Vaguely referencing documents, prison placements and transfers & grievances without more is insufficient. Although Plaintiff is not represented by counsel, his "*pro se* status does not excuse him from making specific factual allegations." *Davis v. Mich. Dep't. Of Corr.,* 746 F.Supp. 662, 667 (E.D. Mich. 1990) citing *Wells v. Brown,* 891 F.2d 591, 594 (6th Cir. 1989).

IV. Conclusion

Therefore, the complaint is summarily dismissed for failure to state a claim under 28 U.S.C. §§1915(e)(2) and 1915A. An appeal from this order would be frivolous and could not be taken in good faith. 28 U.S.C. §1915(a)(3); *Coppedge v. United States,* 369 U.S. 438, 445 (1962); *McGore v. Wrigglesworth,* 114 F.3d at 610-11.

4

Accordingly,

IT IS ORDERED that the "Prisoner Civil Rights Complaint" [Doc. #1] is **DISMISSED WITH PREJUDICE** for failure to state a claim upon which relief can be granted pursuant to 28 U.S.C. §§1915(e)(2) and 1915A.

IT IS FURTHER ORDERED that "Co-Plaintiff's Motion to Waive Fees" [Doc. #5 ] is **DENIED as MOOT.**

S/Victoria A. Roberts
Victoria A. Roberts
United States District Judge

Dated: June 19, 2008

The undersigned certifies that a copy of this document was served on the attorneys of record and pro se plaintiff by electronic means or U.S. Mail on June 19, 2008.

s/Carol A. Pinegar
Deputy Clerk